THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KALIE JONES,<br><br>                         **Plaintiff,**<br>v.<br><br>**UTAH DIVISION OF CHILD AND FAMILY SERVICES, AVERHEALTH, LLC, AVERTEST, LLC, AVERSYS, FOURTH DISTRICT JUVENILE COURT, JUDGE DOUGLAS NEILSON, UTAH OFFICE OF THE GUARDIAN AD LITEM, R. JOHN MOODY, CLEAVE HATCH, in his individual and official capacity, PROFESSIONAL PROBATION SERVICES, UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES, UTAH COUNTY PUBLIC DEFENDER OFFICE, UTAH PROCUREMENT & POLICY BOARD, CASEY CHRISTOPHERSON, in his individual and official capacity, RACHEL JONES, in her individual and official capacity, JOHN PERKINS, in his individual and official capacity, LISA HOUCK, in her individual and official capacity, STEVEN SULLIVAN, in his individual and official capacity, and DOES 1-10,**<br><br>                         **Defendants.** | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00365<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

      This case is before the court on a 28 U.S.C. § 636(b)(1)(B) referral.[1] On May, 2024, the

Court granted Plaintiff Kalie Jones ("Plaintiff" or "Jones") motion for leave to proceed *in forma*

---

[1] ECF No. 12, Notice of Non-Consent.

*pauperis* under 28 U.S.C. § 1915(e).[2] Thereafter, the court conducted an *in forma pauperis* review and determined the complaint failed to state a claim upon which relief could be granted.[3] The court granted Jones leave to amend and Plaintiff filed a timely amended pleading.[4] As before, the court screens Jones' amended complaint pursuant to 28 U.S.C. § 1915 and recommends dismissal for failure to state a claim.

## **SCREENING STANDARD**

The *in forma pauperis* statute requires dismissal of the case "at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted."[5] A court may dismiss a complaint as frivolous due to either legal or factual shortcomings.[6] In turn, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

A complaint must also meet the standards of Federal Rule of Procedure Rule 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[8] and that "[e]ach allegation must be simple, concise, and direct."[9]

---

[2] ECF No. 6, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 7, Order Granting Leave to Proceed In Forma Pauperis.

[3] ECF No. 13, Ruling and Order.

[4] ECF No. 22, Amended Complaint. Before filing her amended pleading, Jones submitted three Motions for Extension of Time (ECF No. 14, ECF No. 16, ECF No. 18), each of which were granted by the court. (ECF No. 15, ECF No. 17, ECF No. 20.)

[5] 28 U.S.C. § 1915(e)(2).

[6] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007).

[8] Fed. R. Civ. P. 8(a)(2).

[9] Fed. R. Civ. P. 8(d)(1).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[10] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[11]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[12]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[13] That said, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## DISCUSSION

Jones brings claims against eighteen separate Defendants stemming from a series of events spanning from November 1, 2021 through June 20, 2024. In her complaint, Plaintiff brings federal causes of action under the False Claims Act[15] and 42 U.S.C. § 1983,[16] as well as state law claims for negligence, breach of contract, fraud and misrepresentation and intentional infliction of emotional distress.[17]

---

[10] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[11] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[12] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[13] *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quotation marks and citations omitted).

[14] *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

[15] 31 U.S.C. §§ 3729-3733.

[16] ECF No. 22 at 2, ¶ 1.

[17] *Id.,* ¶¶ 4-6

In her amended pleading Jones alleges she: (1) was denied timely transfer of her child welfare case from the Eighth District Court to the Fourth District Court;[18] (2) was treated differently than other individuals during the case transfer process;[19] (3) was subjected to random oral drug tests;[20] (4) received incorrect test results which showed a false positive for drug use;[21] (5) reported test inaccuracies without any corrective action being taken;[22] (6) was refused the opportunity to re-take her drug test;[23] (7) was denied unsupervised visitation with her children;[24] (8) became aware of an evidentiary hearing raising issue with oral drug testing methods;[25] (9) has knowledge of a court ruling citing concerns about the reliability of the oral drug testing processes;[26] (10) learned that the Division of Child and Family Services decided not to continue its contract with an oral drug test manufacturer;[27] and (11) became aware of a case where an oral drug test manufacturer entered into a settlement agreement related to claims that the manufacturer knowingly violated the False Claims Act.[28]

Construing the amended pleading liberally, Jones fails to state a claim upon which relief can be granted and, for the reasons set forth herein, the court recommends dismissal under 28 U.S.C. § 1915.

---

[18] *Id.* at 4, ¶ 25.
[19] *Id.*, ¶ 26.
[20] *Id.*, ¶ 27-29.
[21] *Id.*, ¶ 27-30.
[22] *Id.*, ¶ 31.
[23] *Id.*, ¶ 32.
[24] *Id.*, ¶ 33.
[25] *Id.* at 5, ¶ 35.
[26] *Id.*, ¶ 36.
[27] *Id.*, ¶ 38.
[28] *Id.*, ¶¶ 40-42.

I.  **Plaintiff Fails To Provide Any Allegations Or State A Claim Against Defendants AverTest, Aversys, Utah Office of Guardian Ad Litem, R. John Moody, Cleave Hatch, Utah Department Of Health And Human Services, Utah County Public Defender's Office, and Utah Procurement And Policy Board.**

Other than including their names in the caption of the case, Jones' amended pleading does not contain a single factual allegation related to Defendants AverTest, Aversys, Utah Office of Guardian Ad Litem, R. John Moody, Cleave Hatch, Utah Department of Health and Human Services, Utah County Public Defender's Office and Utah's Procurement and Policy Board. As a result, the court recommends dismissal of AverTest, Aversys, Utah Office of Guardian Ad Litem, R. John Moody, Cleave Hatch, Utah Department of Health and Human Services, Utah County Public Defender's Office and Utah's Procurement and Policy Board for failure to state a claim.[29]

II. **Plaintiff Fails To State A Claim Against Defendants Judge Douglas Neilson And Professional Probation Services And, In The Alternative, Judge Neilson Is Entitled To Judicial Immunity.**

In her amended complaint, Plaintiff's only allegation against Defendant Judge Douglas Neilson states:

> On September 12, 2022, Judge Douglas Neilson ruled to disregard the positive methamphetamine test results from June and July 2022, citing serious concerns about the reliability and validity of the testing methods employed by Averhealth.[30]

Likewise, Plaintiff's only allegation against Defendant Professional Probation Services states:

---

[29] *Weller v. Dept. of Soc. Servs.,* 901 F.2d 387, 390-91 (4th Cir. 1990) (dismissal proper where no allegations against defendants); *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").
[30] ECF No. 22 at ¶ 36.

> As part of the child welfare case requirements, Plaintiff was subjected to random drug testing administered by Defendants Averhealth and PPS under the supervision of DCFS.[31]

It is unclear how these singular allegations provide support for any of the stated causes of action and the court recommends dismissal of Defendants Judge Douglas Neilson and Professional Probation Services for failure to state a claim. In the alternative, the court recommends dismissal of Jones' claims against Judge Neilson under judicial immunity. As a Judge, Neilson has "absolute judicial immunity" for acts taken in his judicial capacity and Plaintiff does not offer any facts to negate a judicial immunity defense.[32]

### III. Defendant Utah Division of Child and Family Services And Individual Employee Defendants Casey Christopherson, Rachel Jones, John Perkins, Steven Sullivan and Lisa Houck Are Immune Under The Eleventh Amendment And Plaintiff Fails To State A Claim.

Under the Eleventh Amendment. "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[33] As such, the amendment prohibits actions "seeking monetary, equitable, and injunctive relief against

---

[31] *Id.* at ¶ 27.

[32] *Rivers v. Harmann,* 499 Fed. Appx. 768, 789 (10th Cir. 2012) (citing *Stump v. Sparkman,* 435 U.S. 349, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473 (10th Cir. 1990) ("Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority").

[33] U.S. Const. Amend. XI.

a state or arms of the state."[34] An entity is considered an arm of the state if it operates as an "alter ego" or an "instrumentalit[y]" of the states."[35]

Defendant Department of Children and Family Services is an arm of the state and immune from liability under the Eleventh Amendment.[36] Additionally, as employees of the Department of Children and Family Services, sued in their official capacities, individual Defendants Casey Christopherson, Rachel Jones, John Perkins, Lisa Houck and Steven Sullivan are also immune from suit because a suit against a state employee in his or her official capacity is considered a suit against the state agency itself.[37] Moreover, to the extent that Jones attempts to bring claims against the individually named Defendants in their personal capacity, she offers no allegations to support individual liability claims and the court recommends dismissal of Casey Christopherson, Rachel Jones, John Perkins, Lisa Houck and Steven Sullivan for failure to state a claim.

---

[34] *L.C. v. Utah State Bd. of Educ.,* 188 F. Supp. 2d 1330, 1339 (D. Utah 2002), *appeal dismissed and remanded,* 62 F. App'x 278 (10th Cir. 2003), and *aff'd* 125 F. App'x 252 (10th Cir. 2005) (citing *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144-145, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993)).

[35] *Watson v. Univ. of Utah Med. Ctr.,* 75 F.3d 569, 574 (10th Cir. 1996).

[36] *Millwee v. State Div. of Child & Family Servs.,* 2013 U.S. Dist. LEXIS 45893 at *5-6 (D. Utah March 4, 2013); *Malmstrom v. Utah,* 2018 U.S. Dist. LEXIS 21100 at *6 (D. Utah Jan. 10, 2018) ("DCFS operates as a division and instrumentality of the state and has immunity under the Eleventh Amendment."); *Theisen v Fausett,* 2013 U.S. Dist. LEXIS 44962 at *6 (D. Utah March 26, 2013) ("It is well-settled that DCFS is an arm of the State of Utah").

[37] *Hobbs v. Kan. Dep't. for Children & Families,* 2021 U.S. Dist. LEXIS at *8 (D. Kan. Feb. 1, 2021) ("The Eleventh Amendment also bars claims for monetary relief brought against state officials sued in their official capacities."); *Hafer v. Melo,* 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

### IV.     Plaintiff Fails To State A Claim Against Defendant Averhealth.

Jones brings federal claims against Defendant Averhealth under the False Claims Act and 42 U.S.C. § 1983. The False Claims Act applies where a private party elects to bring a *qui tam* action on behalf of the United States alleging the submission of a fraudulent claim to the Government.[38] However, the Tenth Circuit has determined that "a pro se litigant may not bring a *qui* tam action."[39] Thus, Jones' status as a pro se litigant forecloses her ability to bring a claim and the court recommends dismissal of her False Claims Act claim.

Next, Plaintiff asserts Defendant Averhealth violated her civil rights under the Fourteenth and Fourth Amendments pursuant to 42 U.S.C. § 1983.[40] Section 1983 provides "individuals with a private cause of action when deprivations occur under color of state law."[41] To state a claim based on the conduct of a private entity, Jones must allege facts showing Defendant's conduct was somehow "attributable to the state."[42] Plaintiff does not allege any facts supporting state action by Averhealth and the court recommends dismissal of her Section 1983 action.

---

[38] 31 U.S.C. § 3730(b)(2).

[39] *Kuczmanski v. Obray,* 2024 U.S. Dist. LEXIS 139873 at *19 (D. Utah April 30, 2024) (citing *United States ex rel. May v. United States,* 839 F. App'x 214, 217 (10th Cir. 2020) (citation omitted)).

[40] ECF No. 22 at ¶¶ 44-57.

[41] *Faucher v. Rodziewicz,* 891 F.2d 864, 868 (11th Cir. 1990).

[42] *McIntyre v. Fangman,* 2024 U.S. App. LEXIS 19289 at *10 (10th Cir. 2024) (citing *Scott v. Hern,* 216 F.3d 897, 906 (10th Cir. 2000) (internal quotation marks omitted)); *Ware v. N. Fla. Reg'l Med. Ctr. Inc.,* 2023 U.S. Dist. LEXIS 85517 at *4 (N.D. Fla. Feb. 28, 2023) (citations and quotations omitted) (for private entity to act under color of state law, "there must be a close nexus between the state's involvement and the deprivation complained of. State action does not exist when a state provides a forum to a private entity, heavily regulates an industry in which the private party participates, or merely provides government funding to a private party.").

**V.      The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims.**

Jones fails to state a claim under federal law and, as discussed above, the court recommends dismissal of her federal causes of action. Accordingly, because no federal claims stand, the court lacks supplemental jurisdiction[43] over Plaintiff's state law claims for negligence, breach of contract, fraud and misrepresentation and intentional infliction of emotional distress. Further, Plaintiff does not allege original jurisdiction over such claims and dismissal of Jones' state law claims is recommended.[44]

## RECOMMENDATION

For the reasons stated, the court hereby RECOMMENDS that:

1. Plaintiff's claims against AverTest, Aversys, Utah Office of Guardian Ad Litem, R. John Moody, Cleave Hatch, Utah Department of Health and Human Services, Utah County Public Defender's Office, and the Utah Procurement and Policy Board be dismissed for failure to state a claim;

2. Plaintiff's claims against Judge Douglas Neilson and Professional Probation Services be dismissed for failure to state a claim and, in the alternative, Judge Neilson be dismissed under judicial immunity;

3. Plaintiff's claims against Utah Division of Child and Family Services, as well as her official capacity claims against Defendants Casey Christopherson, Rachel Jones, John Perkins and Steven Sullivan be dismissed for lack of jurisdiction under Eleventh

---

[43] 28 U.S.C. § 1367(a) (the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

[44] 28 U.S.C. § 1332.

Amendment immunity and, in the alternative, Plaintiff's individual capacity claims against Casey Christopherson, Rachel Jones, John Perkins and Steven Sullivan be dismissed for failure to state a claim;[45]

4. Plaintiff's federal claims against Averhealth be dismissed for failure to state a claim; and

5. The court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.[46]

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[47] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[48] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17 September 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[45] *Colby v. Herrick,* 849 F.3d 1273, 1278 (10th Cir. 2017) (Tenth Circuit precedent "requires dismissal without prejudice in Eleventh Amendment Immunity cases.").

[46] *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissal for lack of jurisdiction must be without prejudice).

[47] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[48] *Id.*