IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KALIE JONES, | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00365-RJS-DBP |
| JUDGE DOUGLAS NIELSEN, et al, | Chief District Judge Robert J. Shelby |
| Defendants. | Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Objection[1] to the Report and Recommendation issued by Chief Magistrate Judge Dustin B. Pead on September 17, 2024.[2]  For the reasons explained below, Plaintiff's Objection is OVERRULED, Judge Pead's Report is ADOPTED, and, accordingly, Plaintiff's Amended Complaint is DISMISSED.[3]

## BACKGROUND

Plaintiff's Amended Complaint appears to center primarily on her being subjected to "faulty and unverified" drug tests as part of her ongoing child welfare case requirements.[4] Plaintiff's child welfare case originated in the Eighth District Court of Utah and was transferred to the Fourth District in front of Judge Douglas Nielsen sometime after November 2021.[5]  Her court-ordered drug tests were administered by Defendants Averhealth, LLC and Professional

---

[1] Dkt. 24, *Objection to Report and Recommendation Filed on September 17th 2024* (*Objection*).

[2] Dkt. 23, *Report and Recommendation*.

[3] Dkt. 22, *Amended Complaint*.

[4] *Id.* ¶¶ 2, 27.

[5] *Id.* ¶ 25.

Probation Services (PPS).[6]  These entities operated under the supervision of the Utah Division of Child and Family Services (DCFS).[7]  On multiple occasions, Averhealth reported Plaintiff tested positive for methamphetamine based on oral fluid samples.[8]  But Plaintiff alleges a contract existed between DCFS and Averhealth, which required Averhealth to use urine samples when testing for drug use.[9]  Plaintiff claims she arranged for independent urine tests at Premier Family Medical, all of which yielded negative results during the same timeframe as the alleged positive oral fluid tests.[10]  But despite notifying Defendants of these discrepancies, Defendants never took corrective action, and her failed test results led to the partial suspension and limitation of her child custody and visitation rights.[11]

In August 2022, evidence undermining the reliability and validity of the oral testing methods employed by Averhealth surfaced at a court hearing in front of Judge Douglas Neilson, and in February 2024, DCFS elected not to renew its contract with Averhealth.[12]

In May 2024, this court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(e).[13]  Plaintiff subsequently filed her Complaint on June 5, 2024,[14] alleging the 40 Defendants had violated the False Claims Act, 42 U.S.C. § 1983, and various state laws.[15]  Thereafter, Judge Pead conducted an *in forma pauperis* review and

---

[6] *Id.* ¶ 27.

[7] *Id.* ¶ 27.

[8] *Id.* ¶ 28.

[9] *Id.* ¶ 29.

[10] *Id.* ¶ 30.

[11] *Id.* ¶¶ 31–33.

[12] *Id.* ¶¶ 35–38.

[13] Dkt. 6, *Order Granting Motion to Proceed In Forma Pauperis*.

[14] Dkt. 10, *Complaint for Violation of Civil Rights* (*Complaint*).

[15] *Complaint* at 3.

determined the Complaint failed to state a claim upon which relief could be granted.[16]  In his Order, Judge Pead granted Plaintiff leave to amend, but he cautioned Plaintiff to "clearly state what each named Defendant did to violate Plaintiff's civil rights" and "identify each constitutional violation and include, as mu[ch] as possible, specific dates when the alleged constitutional violations occurred."[17]  Plaintiff filed an Amended Complaint on September 3, 2024, asserting 18 Defendants had violated the False Claims Act, 42 U.S.C. § 1983, and various state laws.[18]

Judge Pead screened the Amended Complaint pursuant to 28 U.S.C. § 1915 and recommended dismissal for failure to state a claim.[19]  Plaintiff filed a timely Objection to the Report and Recommendation on October 1, 2024.[20]  The Objection is ripe for review.

## LEGAL STANDARD

The standard of review for considering objections to a magistrate judge's report and recommendation depends on the timeliness and specificity of the objection.  To trigger de novo review, the objection must be both timely—made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[21]  An objection is sufficiently specific when the objecting party "'pinpoint[s] those portions of the magistrate's report that the district court must specially consider' . . . [and]

---

[16] Dkt. 13, *Ruling and Order Permitting Plaintiffs to File Amended Complaint.*

[17] *Id.* at 7.

[18] *See Amended Complaint.*

[19] *Report and Recommendation* at 2.

[20] *Objection.*

[21] *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); Fed. R. Civ. P. 72(b)(2) (prescribing a fourteen-day deadline for objections to a magistrate judge's report and recommendation).

show[s] how the Magistrate Judge erred . . . ."[22]  De novo review is not required where a party

advances objections to a magistrate judge's disposition that are either indecipherable or overly

general.[23]  This court generally reviews overly general objections, untimely objections, and

unobjected-to portions of a report and recommendation for clear error.[24]

Judge Pead recommended dismissal of Plaintiff's Amended Complaint for failure to state

a federal claim.  Thus, any objection subject to de novo review must be analyzed pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under Rule 12(b)(6), a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.[25]  A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."[27]  When determining whether a complaint meets these criteria, the

---

[22] *Adams v. Comm'r of Social Security*, No. 14-CV-14724, 2016 WL 1084681, at *3 (E.D. Mich. Mar. 21, 2016) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)).

[23] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (citation omitted)); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

[24] *See 2121 East 30th St.*, 73 F.3d at 1060 ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 154 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[27] *Iqbal*, 556 U.S. at 678.

court will "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[28]  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[29]

Relatedly, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[30]  That said, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[31]

## ANALYSIS

In her timely filed Objection, Plaintiff forwards eight different objections to the Report and Recommendation (the Report) and seeks leave to file a second amended complaint.[32]  Each objection will be discussed in turn.

### I.   Plaintiff's First, Second, Third, Fifth, Seventh, and Eighth Objections Are Too General to Warrant De Novo Review.

Most of Plaintiff's objections fail "to focus the district court's attention on the factual and legal issues that are truly in dispute"[33] and are therefore reviewed for clear error.  For example, in her first objection, Plaintiff argues Judge Pead "did not give proper weight to the factual allegations presented in the Amended Complaint" by failing to liberally construe them in her

---

[28] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[29] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[30] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

[31] *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

[32] *Objection* at 1–2.

[33] *2121 East 30th St.*, 73 F.3d at 1060.

favor.[34]  This general objection does not direct the court to any specific factual allegation that should have been more liberally construed.  Furthermore, no amount of liberal construction could save most of Plaintiff's claims when the majority of Defendants are either immune from suit or do not have "a single factual allegation" clearly and directly asserted against them.[35]

Further, in objections 2 and 5, Plaintiff does not challenge the bases for Judge Pead's dismissal of certain claims and Defendants.[36]  Instead, Plaintiff insists these dismissals were "premature" and seeks to "amend [her] [C]omplaint" in order to remedy any defect.[37]  To the extent Plaintiff moves the court for leave to amend her Amended Complaint in her Objection, that request is denied.  Plaintiff has not yet complied with Federal Rule of Civil Procedure 15(a)(2) or DUCivR 15-1, requiring her to file a separate motion and to attach the proposed amended pleading as an exhibit to the motion.

Plaintiff also objects to Judge Pead's "blanket application of judicial immunity to [Defendant] Judge Douglas Neilson."[38]  Plaintiff claims certain allegations in her Amended Complaint "potentially involve actions taken outside of Judge Neilson's judicial capacity, which would not be covered by absolute immunity."[39]  But Plaintiff does not direct the court to any

---

[34] *Objection* at 1.

[35] *See Report and Recommendation* at 5.

[36] *See Objection* at 1; *id.* at 2 (agreeing with Judge Pead that "qui tam actions typically require attorney representation").

[37] *Id.* at 1, 2.

[38] *Id.* at 1.

[39] *Id.*

specific allegation supporting this objection.  A review of the Amended Complaint reveals no such allegation exists.[40]

Next, Plaintiff objects and argues "[t]he Report fails to adequately address the merits of Plaintiffs' constitutional claims under the Fourth and Fourteenth Amendments, particularly regarding unreasonable searches and violations of due process rights."[41]  But this objection is too general.  Judge Pead recommended dismissal of these constitutional claims against 18 different defendants for different reasons, including (1) Plaintiff's failure to state a claim, (2) the application of judicial immunity, (3) the lack of state action, and (4) the immunity afforded Defendants under the Eleventh Amendment.[42]  The court cannot determine which of these reasons Plaintiff seeks to challenge.  It also cannot determine how "adequately address[ing] the merits" would affect any of the aforementioned grounds for dismissal.

Finally, Plaintiff objects to how "[t]he Report overlooks crucial factual allegations regarding the unreliability of drug testing procedures and the potential violation of contractual obligations by Averhealth and DCFS."[43]  But this objection fails to direct the court to any of these "crucial factual allegations."  Furthermore, considering the unreliability of drug testing procedures and contractual violations would have no effect on the bases for dismissal for the

---

[40] There are only three allegations in the Amended Complaint that could potentially implicate Judge Neilson. Paragraphs 25 and 26 vaguely describe how Plaintiff sought to transfer her child welfare case to another district in Utah but did not receive a timely response, "indicating possible disparate treatment."  And paragraph 36 states: "On September 12, 2022, Judge Douglas Neilson ruled to disregard the positive methamphetamine test results from June and July 2022, citing serious concerns about the reliability and validity of the testing methods employed by Averhealth."  Deciding whether to transfer a case and electing to disregard the positive drug test in Plaintiff's child welfare case are entirely judicial in nature, and these actions are clearly protected by judicial immunity.

[41] *Objection* at 2.

[42] *See Report and Recommendation* at 5–8.

[43] *Objection* at 2.

claims against Averhealth and DCFS.[44]  Thus, this objection does not involve an issue in dispute.

Ultimately, these and all other unobjected-to portions of the Report will be reviewed for clear error.  And having carefully reviewed the Report, the court finds no clear error with respect to these portions of the Report.  The court analyzes Plaintiff's remaining objections de novo.

## II. The Contractual Relationship Between Averhealth and DCFS Does Not Transform Averhealth into a State Actor.

Plaintiff objects to Judge Pead's recommendation that there are insufficient facts to support a finding of state action by Averhealth for her § 1983 claim.[45]  Plaintiff insists the Amended Complaint states Averhealth acted pursuant to a contract with DCFS to provide court-ordered drug testing, "which is sufficient to allege state action at this stage of the proceedings."[46]

In order to prevail on a § 1983 claim, "a plaintiff must show that [s]he was injured as a result of state action."[47]  A private party may be considered a state actor only if (1) there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the state itself; (2) the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity; (3) a private party is a willful participant in joint action

---

[44] *See generally Report and Recommendation* at 6–9 (dismissing Plaintiff's claims against Averhealth and DCFS as barred by (1) the Eleventh Amendment, (2) Plaintiff's status as a pro se litigant, (3) Averhealth's private-party status, and (4) a lack of supplemental jurisdiction).

[45] *Objection* at 1.

[46] *Id.*

[47] *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (unpublished).

with the state or its agents; or 4) the state delegates to the private party a function traditionally exclusively reserved to the state.[48]

Here, Plaintiff argues Averhealth should be considered a state actor because it acted pursuant to a contract with DCFS to provide court-ordered drug testing.[49]  But it is well-established a private entity is not transformed into a state actor by merely contracting with the government or receiving governmental funds.[50]  And the fact that Averhealth acted pursuant to a court order is also insufficient as "a private party's mere compliance with a court order does not constitute state action."[51]  Furthermore, the "traditional function" test is only satisfied if the state delegates to a private party one of the "very few [functions that] have been 'exclusively reserved to the State,'" like administering elections, operating a company-owned town, and the management of a city park.[52]  The administration of a drug test is not one of these traditional functions.  Ultimately, the bare allegations in Plaintiff's Amended Complaint do not plausibly allege Averhealth engaged in state action, and the § 1983 claims against Averhealth are dismissed.

### III.    Plaintiff's State-Law Claims are Dismissed for Lack of Supplemental Jurisdiction

Plaintiff also argues "[t]he recommendation to decline supplemental jurisdiction over state law claims is premature, as [she] ha[s] presented valid federal claims that should survive

---

[48] *Id.* at 870–71 (citations omitted).

[49] *Objection* at 1.

[50] *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448 (10th Cir. 1995) ("[T]he fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action." (citation omitted)); *id.* at 1453 ("Payments under government contracts and the receipt of government grants and tax benefits are insufficient to establish a symbiotic relationship between the government and a private entity." (citation omitted)).

[51] *Banks v. Opat*, 814 F. App'x 325, 336 (10th Cir. 2020) (unpublished) (citations omitted).

[52] *Id.* (citations omitted).

dismissal."[53]  As explained above, the court finds no clear error with respect to Judge Pead's Report, and Plaintiff's federal claims subject to de novo review have been dismissed. Importantly, in the Tenth Circuit, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise [supplemental] jurisdiction over any remaining state claims,"[54] absent compelling reasons to the contrary.[55]  The court sees no compelling reason to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  At this early stage of the litigation, where Defendants have not even answered Plaintiff's Amended Complaint, there will be little or no prejudice to Plaintiff or Defendants if she brings her claims in state court.  Her remaining state-law claims are therefore dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objection[56] is OVERRULED, Judge Pead's Report and Recommendation[57] is ADOPTED in full, and, accordingly, Plaintiff's Amended Complaint[58] is DISMISSED.[59]  The clerk of court is directed to close the case.

SO ORDERED this 12th day of November 2024.

---

[53] *Objection* at 2.

[54] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

[55] *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (citation omitted).

[56] Dkt. 24.

[57] Dkt. 23.

[58] Dkt. 22.

[59] These claims are dismissed without prejudice.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (explaining how dismissal without prejudice is preferred when "it is at all possible that" a pro se litigant, "against whom the dismissal is directed[,] can correct the defect in the pleading or state a claim for relief" (citation omitted)).

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge